BOWES, Judge,
dissenting.
I respectfully dissent from the majority opinion and would reverse the judgment of the trial court and award Frederick A. Miller additional compensation benefits, finding him to have a 10% disability to his foot, as per LSA R.S. 23:1221(4)(g).
On November 5, 1982, Frederick Miller returned to Dr. Garoutte complaining of “continued discomfort in his foot and toe”, consisting of cold, a shooting sensation and numbness. According to Dr. Garoutte, his examination of Miller revealed “that the foot, i.e., the right foot, was cooler than the left to touch ... [and] [h]e had, as I recall, some tenderness.... ” Based upon this visit, Dr. Garoutte testified he reached the following conclusions:
I reaffirmed my previous recommendation for a twenty percent permanent-partial disability of the great toe and I added a ten percent permanent-partial disability of the foot, based on the cold sensations and the discomfort which he was experiencing in that foot. [...]
[A]ll I’m trying to say is that Mr. Miller did sustain an injury and following treatment of such injury his toe is not normal and based upon that in my opinion he has a permanent-partial disability.
Plaintiff-appellant testified that he experiences pain in his foot, “practically every night I go to work.” He stated that when called upon to do a lot of climbing ladders or stairs, he must frequently stop because of foot pain. He also said that “whenever I can take a break and prop it up I do so.” There was both medical and lay testimony buttressing plaintiffs claim of ongoing foot pain, even though the testimony failed to establish that Mr. Miller’s pain prevented him from engaging in “any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged ... ”, the requirement for total disability under LSA R.S. 23:1221.
I believe that plaintiff is entitled to the 10% disability to the foot assigned by Dr. Garoutte after his examination on November 5, 1982. This finding is based not only on the opinion and diagnosis of the treating physician, but also on the testimony of the appellant and other lay witnesses.
I agree that defendants were not arbitrary and capricious in failing to restart plaintiff’s compensation benefits, after receiving Dr. Garoutte’s report of November 11, 1982. Defendants had received medical reports from three physicians, assigning appellant four different disability ratings. Additionally, Miller had been back to work in the same capacity for approximately a year since his disability rating to his toe had been established.
Accordingly, I would reverse the judgment of the district court and award judgment in favor of appellant and against ap-pellees for workman’s compensation benefits in the amount of $6,279.00 [66%% (statutory percentage) X $753.40 (Miller’s average weekly wage at the time of his accident) x 125 [the number of weeks disability is to be paid under R.S. 23:1221(4)(g) ] x 10% (disability rating assigned), subject to credit for benefits already paid of $4,075.00 (25 weeks of compensation at $163.00 per week) or a net award of $2,204.00.